THOMPSON, Presiding Judge,
dissenting.
Although I agree with the majority opinion insofar as it recognizes a trial court’s ability to exercise emergency jurisdiction and to take interim protective measures in child-custody cases when necessary, I cannot agree with the majority opinion when it holds the trial court in error for failing to exercise temporary emergency jurisdiction in this case. The majority opinion makes assumptions that, I believe, are not supported by the record on appeal.
The Official Comment to § 30-3B-204, Ala.Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act (“the Act”), states that temporary emergency jurisdiction is “ ‘an extraordinary jurisdiction reserved for extraordinary circumstances.’ ” The Official Comment farther provides that the portion of the Act that has been codified in Alabama as § 30-3B-204
“codifies and clarifies several aspects of what has become common practice in emergency jurisdiction cases under the [Uniform Child Custody Jurisdiction Act] and [the Parental Kidnaping Prevention Act]. First, a court may take jurisdiction to protect the child even though it can claim neither home state nor significant connection jurisdiction. Second, the duties of states to recognize, enforce and not modify a custody determination of another state do not take precedence over the need to enter a temporary emergency order to protect the child.
“Third, a custody determination made under the emergency jurisdiction provisions of this section is a temporary order. The purpose of the order is to protect the child until the state that has jurisdiction under Sections 201-203 enters an order.”
Section 30-3B-204(c), Ala.Code 1975, provides:
“If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state *90 remains in effect until an order is obtained from the other state within the period specified or the period expires.”
(Emphasis added.)
Subsection (d) of § 30-3B-204 provides as follows:
“A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.”
The record reveals that, after the Alabama court granted the maternal aunt and uncle’s second “motion to reinstate,” filed on November 3, 2006, the Alabama court conducted a telephone conference with the Florida court and, following that conversation, deferred to the jurisdiction of the Florida court. When the Alabama court communicated with the Florida court, the Florida court had already assumed jurisdiction of the case. Under § 30-3B-204, even if the Alabama court had entered an emergency order it would have been temporary in nature and would have lapsed after the maternal aunt and uncle had adequate time to obtain an order from the court with permanent jurisdiction. § 30-3B-204(c). In this case, the court with permanent jurisdiction is the Florida court.
The facts of this case are certainly heart-wrenching and raise serious concerns about the father’s being awarded custody of the children. Unfortunately, these are the types of issues the courts have to deal with on a regular basis. The issue of the permanent custody of the children is one for the Florida court to determine, and I cannot hold the Alabama court in error for deferring to the jurisdiction of the Florida court as prescribed by the Act. The issues raised by the maternal aunt and uncle can and should be properly addressed in a full hearing in the Florida court.